# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| RODNEY SAMPSON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. CIV-10-736-W |
| MARVIN VAUGHN, | ) |  |
| Respondent. | ) |  |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241, seeking habeas relief from an order revoking his parole in connection with a 1996 state court conviction. United States District Judge Lee R. West has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss, seeking dismissal of the petition as untimely, and Petitioner has filed a response. Thus, the matter is at issue. For the following reasons, it is recommended that Respondent's motion be granted and the petition be dismissed.

By this action, Petitioner challenges the revocation of his parole in Case No. CF-1995-5655, District Court of Oklahoma County, in which he was convicted[1] of trafficking in illegal drugs and possession of a controlled dangerous substance and for which he was sentenced on September 20, 1996, to fifteen years imprisonment on the first count and one year

---

[1] While Respondent alleges that Petitioner plead guilty to both counts, it clearly appears from the record that Petitioner was convicted of both counts following a bench trial.

imprisonment on the second count with the sentences to run concurrently. Petition, 2; Petition, Ex. 2.

## I. BACKGROUND

On February 8, 2002, the Governor of the State of Oklahoma granted parole to Petitioner, and under the Interstate Compact Agreement Act, he was transferred to the State of California for parole supervision. Petition, 2; Motion to Dismiss, 2, Ex. 3, at 1.[2] Petitioner alleges that on May 2, 2006, he was convicted of an "unrelated crime" in the State of California and sentenced to three years imprisonment. Petition, 2. The State of Oklahoma subsequently applied to revoke Petitioner's parole, and a warrant was issued on March 20, 2007. Petition, 2; Motion to Dismiss, 2, Ex. 3, at 6. Petitioner alleges that after receiving parole from the State of California, he was extradited to Oklahoma where he was given an revocation hearing. Petition, 2-3. Petitioner's parole was revoked on September 2, 2008. Petition, 3; Motion to Dismiss, 2; Petitioner's Response, Ex. 1.

On January 9, 2009, Petitioner filed an application for state habeas corpus relief in Greer County, Oklahoma, and the state district court denied relief on January 28, 2009. Petition, 3; Motion to Dismiss, 2; <u>Sampson v. Williams</u>, No. WH-2009-1 (District Court of Greer County Jan. 28, 2009) (attached to Motion to Dismiss as Ex. 4). Petitioner did not appeal the district court's denial until March 3, 2009, and the Oklahoma Court of Criminal Appeals dismissed the appeal as untimely on March 20, 2009. Petition, 3; Motion to

---

[2]Respondent did not include page numbers for Exhibit 3, but the undersigned has inferred them.

Dismiss, 2; Sampson v. Williams, No. HC-2009-185 (Okla. Crim. App. Mar. 20, 2009) (attached to Motion to Dismiss as Ex. 5).

On April 16, 2009, Petitioner filed an application for post-conviction relief with the Oklahoma County District Court, and that court denied Petitioner's application on December 11, 2009. Petition, 3; Motion to Dismiss, 2. Petitioner did not appeal the district court's denial of his application for post-conviction relief.

On October 5, 2009, Petitioner filed a petition for federal habeas corpus relief with this Court, and his petition was dismissed without prejudice on November 19, 2009, for failure to state claims cognizable in a federal habeas proceeding and for failure to exhaust his state court remedies. Petition, 3; Motion to Dismiss, 2-3; Sampson v. Williams, No. CIV-2009-1094-W (W.D. Okla. Nov. 19, 2009) (Order adopting Magistrate Judge's Report and Recommendation).

On December 7, 2009, Petitioner filed a second petition for federal habeas corpus relief with this Court, and this petition was dismissed without prejudice on May 19, 2010, for failure to exhaust his state court remedies. Motion to Dismiss, 3; Sampson v. Rudek, No. CIV-2009-1341-W (W.D. Okla. May 19, 2010) (Order adopting Magistrate Judge's Report and Recommendation).

On February 3, 2010, while his second habeas petition was pending with the Court, Petitioner filed a third petition for federal habeas corpus relief with the Court, and this

petition was dismissed with prejudice, in part, on March 12, 2010, as duplicative.[3] Motion to Dismiss, 3; Sampson v. Rudek, No. CIV-2010-114-W (W.D. Okla. Mar. 12, 2010) (Order adopting Magistrate Judge's Report and Recommendation).

Petitioner filed his federal habeas corpus petition at issue here on July 13, 2010. Petition, 1. He attacks the revocation of his suspended sentence on two grounds. First, he alleges that the State of Oklahoma's decision to revoke his parole and his subsequent incarceration are unlawful because his parole had been discharged by the time he was arrested in the State of California. Petition, 5-8. Second, Petitioner alleges that the warrants for his detainer and extradition violated his Fourteenth Amendment right to due process of law. Petition, 8-9. Petitioner also alleges that he has exhausted all his state court remedies. Petition, 9-10.

## II. AEDPA LIMITATIONS PERIOD

---

[3]Despite the Court's dismissal of Petitioner's third habeas petition with prejudice on March 12, 2010, the Court still has jurisdiction to hear this case. Petitioner's claims are not "second or successive" under 28 U.S.C. § 2244 because dismissals for failure to exhaust state court remedies and as duplicative of pending actions are not adjudications on the merits. See, e.g., Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."). Additionally, § 2244's bar to second and successive petitions likely does not apply to § 2241 petitions filed by a state prisoner. See Stanko v. Davis, No. 09-1073, 617 F.3d 1262, 1272 (10th Cir.2010) ("[A] federal inmate does not need prior circuit authorization to pursue a second or successive habeas petition brought under § 2241. Therefore, [Petitioner's] failure to obtain prior circuit authorization did not deprive the district court of jurisdiction to consider his petition."); Tuggle v. Addison, No. 07-7020, 247 Fed. Appx. 155, 157 (10th Cir. Sept. 7, 2007) ("We have stated in several unpublished decisions that prior authorization from a court of appeals is not necessary to file a successive § 2241 petition." (internal quotation marks omitted)). (This and any other unpublished disposition are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.)

4

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period governing the claims of habeas petitioners in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B), (C), or (D), the limitations period generally begins to run from the date on which the conviction became final. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not alleged anything to suggest that subsections (B), (C), or (D) may apply to the petition. Thus, the limitations period must be evaluated under subsection (A) from the date Petitioner's revocation of parole became final.

There is some confusion as to when the revocation of Petitioner's parole became final for limitations purposes. As stated above, the State of Oklahoma revoked Petitioner's parole on September 2, 2008. Petition, 3; Motion to Dismiss, 2. Both Respondent and Petitioner argue that the parole revocation became final after the time for direct review by the

Oklahoma Court of Criminal Appeals expired. However, Respondent argues that expiration of direct review occurred ten days after Petitioner's parole was revoked or September 12, 2008, Motion to Dismiss, 3-4, while Petitioner argues that the one year limitation period did not begin to run until January 10, 2010, which was the expiration of his time for seeking review of the denial of his post-conviction application. Petitioner's Response, 2. The undersigned believes that both arguments are incorrect. Petitioner's Response, 2.

Oklahoma does not have a procedure for direct review of a decision to revoke parole, and indeed, such an allowance would be inconsistent with its vestiture of the parole power in its Governor. Okla. Const. art. VI, § 10; Okla. Stat. tit. 57, § 332. Instead, the Rules of the Oklahoma Court of Criminal Appeals make clear that to obtain judicial review of a decision to revoke parole, the prisoner must follow the procedures of the Oklahoma Post-Conviction Procedure Act, which requires the prisoner to file an application for post-conviction review with the district court in which the judgment and sentence was imposed. Okla. Stat. tit. 22, Ch. 18, App., Rule 1.2(D)(1) ("Procedures for review of revocation of parole are governed by the Post-Conviction Procedure Act . . . ."); Okla. Stat. tit. 22, § 1080(e). Under Oklahoma law, post-conviction relief is a form of collateral review, and as AEDPA makes clear, state collateral review only has the effect of tolling the limitations period, not beginning it. Thomas v. State, 888 P.2d 522, 527 (Okla. Crim. App. 1994) ("Post-conviction relief is clearly a form of collateral review."); compare 28 U.S.C. § 2244(d)(1)(A) (limitations period begins to run on date direct review is concluded or time for direct review expires) with § 2244(d)(2) (state collateral review proceeding tolls

limitations period). Neither Respondent nor Petitioner cite to any relevant case law in support of their arguments,[4] and the undersigned's independent research has not disclosed any. Accordingly, the undersigned finds that for federal habeas purposes, the AEDPA limitations period began to run on the day Petitioner's parole was revoked.

Therefore, the one-year limitations period began to run on September 3, 2008, and expired on September 3, 2009, absent any tolling. See Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. Mar. 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004," giving the petitioner until January 29, 2005, in which to file his habeas petition) (citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). The petition was filed on July 13, 2010, nearly two years after the limitations period expired. Petition, 1. Thus, absent statutory or equitable tolling, it is untimely.

---

[4]Respondent does cite to Nicholson v. Higgins, No. 05-7032, 147 Fed. Appx. 7 (10th Cir. Aug. 2, 2005), as support for his claim that the limitations period began to run ten days after the date Petitioner's parole was revoked. Motion to Dismiss, 4. However, Nicholson involved revocation of a suspended sentence, which is governed by a separate procedure. Nicholson, 147 Fed. Appx. at 8; Okla. Stat. tit. 22, Ch. 18, App., Rule 1.2(D)(4) ("Review of an order revoking a suspended sentence is governed by the same procedure as perfection of a regular misdemeanor or felony appeal.").

## A. STATUTORY TOLLING

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Burger v. Scott, 317 F.3d 1133, 1139 (10th Cir. 2003) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)). State procedural law is applied to determine whether an application for state post-conviction relief is "properly filed." Garcia v. Shanks, 351 F.3d 468, 471 (10th Cir. 2003). State court filings made after the expiration of the limitations period have no tolling effect upon the limitations period. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

There is no question that Petitioner's application for post-conviction relief was "properly filed" and was filed within the limitations period. Therefore, that application tolled the running of the limitations period for 240 days from April 16, 2009, when Petitioner filed the application in the trial court, through December 11, 2009, when it was denied. The limitation period was also tolled for an additional thirty days from December 11, 2009, to January 11, 2010, during the time when Petitioner could have, but did not, perfect an appeal from the trial court's order.[5] See Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000)

---

[5]Thirty days would have given Petitioner until January 10, 2010, but since that was a Sunday, Petitioner would have had until Monday, January 11, 2010, in which to file his appeal.

8

("regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner <u>could have</u> sought an appeal under state law.").

Petitioner is not entitled to any statutory tolling as a result of his additional filings because none constitute a "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment." 28 U.S.C. § 2244(d)(2). Petitioner's application for state habeas corpus relief did not toll the limitations period because it was not "properly filed." See Order Denying Writ of Habeas Corpus, p.2, Motion to Dismiss, Ex.4. (court without jurisdiction to consider writ). As stated above, the proper procedure in Oklahoma for seeking judicial review of a decision to revoke parole is to file an application for post-conviction relief with the district court in which the judgment and sentence was imposed. <u>Delfrate v. Oklahoma Department of Corrections</u>, 991 P.2d 549, 552 (Okla. Crim. App. 1999) ("[A] challenge to the validity of a revocation of parole is to be brought, not in a petition for writ of habeas corpus, but as an application for post-conviction relief."); <u>see also</u> <u>Williams v. State</u>, 87 P.3d 620, 621-22 (Okla. Crim. App. 2004) ("A person who believes that his parole has been unlawfully revoked is permitted to challenge that revocation through post-conviction proceedings."); Okla. Stat. tit. 22, § 1080(e) (person claiming that parole was unlawfully revoked may file an application for post-conviction relief); Okla. Stat. tit. 22, Ch. 18, App., Rule 1.2(D)(1) ("Procedures for review of revocation of parole are governed by the Post-Conviction Procedure Act . . . .").

Furthermore, it is beyond repute that Petitioner's three prior federal habeas corpus petitions did not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition."); Kilgore v. Attorney General of Colorado, No. 08-1417, 347 Fed. Appx. 414, 418 (10th Cir. Oct. 5, 2009).

Thus, the limitations period was tolled 271 days, making Petitioner's deadline to file a § 2254 petition on or about May 31, 2010. Accordingly, unless equitable tolling is appropriate here, the July 13, 2010, filing of the petition is untimely.

### B. EQUITABLE TOLLING

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and he bears the burden to "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Construing Petitioner's response liberally, it seems that he is arguing that equitable tolling should apply because he is "actually innocent" of violating his parole. Petitioner's Response, 3. In support, Petitioner alleges that the State of Oklahoma released him from

parole on June 25, 2005, almost one year before he was convicted of his California crimes. Petition, 2, 5-8. Petitioner supports this allegation with a report by his parole officer in California which states that Petitioner was released from parole by the State of Oklahoma on June 25, 2005. Petition, Ex. A, at 3.[6]

The Tenth Circuit has recognized that actual innocence may equitably toll the AEDPA limitations period. Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007) (citing Gibson, 232 F.3d at 808); see also Miller, 141 F.3d at 978. To qualify for the "actual innocence" exception, Petitioner must provide evidence of a "fundamental miscarriage of justice," meaning that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1986). That standard requires Petitioner to "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Thus, "the Schlup standard is demanding and permits review only in the 'extraordinary case.'" House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup, 513 U.S. at 327); Price v. Friel, No. 07-4094, 245 Fed. Appx. 855, 856, (10th Cir. Aug. 30, 2007) (applying standard in House to actual innocence claim asserted as a basis for equitably tolling the § 2244(d)(1) limitations period).

---

[6]Petitioner has not numbered the pages in his exhibits, but the undersigned has inferred them.

Petitioner has failed to present the Court with any new evidence regarding his "actual innocence" claim. As the petition makes clear, Petitioner presented the report completed by his California probation officer at the Oklahoma parole revocation hearing, but testimony presented at the hearing showed the report's calculation to be in error as only Oklahoma had authority to discharge Petitioner's parole and January 26, 2008 was his discharge date. Petition, 6. Thus, equitable tolling is not appropriate.

### RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition be dismissed as untimely. The Petitioner is advised of his rights to file an objection to this Report and Recommendation with the Clerk of this Court by November 15, 2010, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 26th day of October, 2010.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE