

DEC - 1 2010

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY ________ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

RODNEY SAMPSON, )
)
Petitioner, )
)
vs. ) No. CIV-10-736-W
)
MARVIN VAUGHN, )
)
Respondent. )

**ORDER**

On October 26, 2010, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations (hereafter "Motion to Dismiss") filed by respondent Marvin Vaughn be granted and that the Application for Writ of Habeas Corpus (hereafter "Petition") filed pursuant to title 28, section 2241 of the United States Code by petitioner Rodney Sampson be dismissed. Sampson was advised of his right to object, and the matter now comes before the Court on Sampson's Objection to Magistrate Judge['s] Report and Recommendation.

Upon de novo review of the record, the Court concurs with Magistrate Judge Argo's suggested disposition of the respondent's Motion to Dismiss and his recommendation that this matter be dismissed as untimely.

Sampson was convicted on September 20, 1996, in the District Court for Oklahoma County, Oklahoma, of trafficking in illegal drugs and possession of a controlled dangerous substance (marijuana), and he was sentenced to concurrent terms of imprisonment of fifteen (15) years and one (1) years, respectively. State v. Sampson, CF-1995-5655.

Sampson was paroled on February 8, 2002, and his supervision was transferred to the State of California pursuant to the Interstate Compact Agreement Act.

Following Sampson's conviction and incarceration for an unrelated crime committed in California, the State of Oklahoma (hereafter "State") through the Department of Corrections on March 8, 2007, applied to revoke Sampson's parole and for a warrant. A warrant issued on March 20, 2007, and, after a parole revocation hearing on July 30, 2008, Sampson's parole was revoked on September 2, 2008.

On October 5, 2009, Sampson challenged his parole revocation in an Application for Writ of Habeas Corpus filed in this judicial district. Sampson v. Williams, No. CIV-09-1094-W ("Sampson I"). Because Sampson had pending in the state district court an application for post-conviction relief, this Court, after consideration of the Recommendation and Report issued by United States Magistrate Judge Bana Roberts, dismissed without prejudice Sampson's habeas claims for inter alia nonexhaustion of state court remedies on November 19, 2009. See Sampson I, Docs. 12, 13.

Sampson then commenced a second action in this judicial district, Sampson v. Rudek, No. CIV-09-1341-W ("Sampson II"), challenging the lawfulness of his parole revocation, and he noted in his Application for Writ of Habeas Corpus that his request for post-conviction relief was still pending in the state district court. The Court, after consideration of the Report and Recommendation issued by United States Magistrate Judge Robert E. Bacharach, likewise dismissed that action without prejudice on May 19, 2010, for failure to exhaust state court remedies. See Sampson II, Docs. 24, 25.

While Sampson II was pending, Sampson filed yet another Application for Writ of Habeas Corpus, file-stamped February 3, 2010, and he again challenged inter alia the

legality of his parole revocation. Sampson v. Rudek, No. Civ-10-114-W ("Sampson III"). The Court on March 12, 2010, after adopting the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell, dismissed Sampson's claims with prejudice to the extent they were duplicative. See Sampson III, Docs. 7, 8.

Sampson has advanced two propositions of error in the instant Petition. He has first contended because he was not on parole at the time the warrant was issued, the State had no jurisdiction over him and his subsequent incarceration was therefore unlawful. Sampson has also contended that the issuance of the warrant and his extradition to Oklahoma violated his right to due process of law guaranteed by the fourteenth amendment to the United States Constitution.

Sampson's Petition is subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996, as amended. This one-year period for seeking federal habeas relief, as Magistrate Judge Argo has found, began to run on September 3, 2008, the day Sampson's parole was revoked, and expired on September 3, 2009. The instant Petition filed on July 13, 2010, is therefore time-barred unless Sampson can establish that the limitations period has been tolled, statutorily and/or equitably.

In reviewing Sampson's submissions, the Court finds that the limitations period was statutorily tolled 271 days pursuant to title 28, section 2244(d)(2) of the United States Code.[1] Thus, Sampson had until May 31, 2010, to file the instant Petition, absent equitable tolling of the limitations period.

---

[1]See 28 U.S.C. § 2244(d)(2)(time during which properly filed application for state post-conviction or other collateral review pending not counted).

The Court finds however upon review of the record that Sampson is not entitled to equitable tolling in this instance. Sampson has failed to present any "'extraordinary circumstances,'" Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2005)(quoting Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)); e.g., Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(petitioner only entitled to equitable tolling "'in rare and exceptional circumstances'"), that would justify equitable tolling in this case. Sampson has failed to provide any credible evidence that would qualify him for the "fundamental miscarriage of justice" exception, which is applicable to a petitioner who is "actually innocent," or that would provide a basis that would excuse Sampson's untimeliness in filing the instant action. E.g., Schup v. Delo, 513 U.S. 298, 324 (1995)(constitutional error must result in conviction or incarceration of one who is actually innocent and petitioner must support allegations of constitutional error with new reliable evidence).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 12] issued on October 26, 2010;

(2) GRANTS the respondent's Motion to Dismiss [Doc. 9] filed on August 19, 2010; and

(3) DISMISSES as time-barred Sampson's Petition file-stamped July 13, 2010.

ENTERED this 1st day of December, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE